UNITED STATES COURT OF INTERNATIONAL TRADE

```
-------------------------------------------------------------x
Innolux Corporation,                    :
                                        :
                   Plaintiff,           :     Court No. 13-00272
                                        :
              v.                        :
                                        :
United States,                          :
                                        :
                   Defendant.           :
-------------------------------------------------------------x
```

**COMPLAINT**

Plaintiff, Innolux Corporation, through its undersigned attorneys, alleges the following as its complaint against the United States in this case:

1. The United States Court of International Trade has jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

2. Plaintiff is the importer of record of the merchandise at issue (the "subject merchandise").

3. The protests and summons herein were timely filed.

4. All liquidated duties, charges, and exactions were paid prior to commencement of this action.

5. The subject merchandise is PC flat panel LCD monitors with screens measuring 25 inches on the diagonal.

6. Innolux manufactured the PC monitors for Hewlett Packard ("HP").

7. U.S. Customs and Border Protection ("CBP") classified the subject PC monitors upon liquidation under subheading 8528.59.3050, Harmonized Tariff Schedule of the United States ("HTSUS")(2011), which provides for monitors and projectors,

not incorporating television reception apparatus…other monitors: other: color: with a flat panel screen: other: other: LCD-type (direct view), dutiable at the rate of 5% *ad valorem*.

8. The subject PC monitors are properly classifiable under subheading 8528.51.0000, HTSUS (2011), as "monitors of a kind solely or principally used in an automatic data processing system of heading 8471," which is a duty free provision.

9. The Federal Circuit decision in *BenQ America Corp. v. United States*, 646 F.3d 1371 (Fed. Cir. 2011) held that a monitor must be classified as a "monitor of kind solely or principally used in an automatic data processing system" of subheading 8471.60.45, HTSUS, if it was of the class or kind of monitor that was principally used with an Automatic Data Processing ("ADP") system.

10. By 2011 when the subject merchandise was imported the text of 8471.60.45, HTSUS was renumbered and included as 8528.51.00.00, HTSUS (2011).

11. The subject monitors are standard HP PC 25-inch monitors that are solely or principally used with automatic data processing ("ADP") systems, *i.e.*, personal computers.

12. The subject PC monitors are equipped with three different types of connectors for receiving data from a PC: DVI, HDMI, and VGA.

13. The PC monitors feature a standard PC native resolution (1920 x 1080).

14. The aspect ratio (16.9) and response time (3 ms gray-to-gray) of the PC monitors is that of standard PC monitors.

15. The PC monitors do not include a tuner or a remote control device.

16. The PC monitors feature standard 2 watt PC speakers.

17. The HP set up guide that accompanied the sale of the subject HP PC monitors explains how to connect this model to an ADP system (PC) only. It does not explain or show how this monitor may be used or configured with any other system or device.

18. Retailers in the United States that sell home entertainment systems, multifunction monitors and PC monitors market the subject PC monitors as PC monitors.

**WHEREFORE**, plaintiff respectfully requests that this Court render judgment sustaining classification of the subject merchandise under subheading 8528.51.00.00, HTSUS, and direct CBP to reliquidate each entry covered by this action under subheading 8528.51.00.00, HTSUS and issue refunds of excess duties collected with lawful interest.

Respectfully submitted,

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP
Attorneys for Plaintiff
599 Lexington Avenue
36th Floor
New York, New York 10022
Tel. (212) 557-4000
rseely@gdlskcom

/s/ Robert D. Seely
Robert B. Silverman
Joseph M. Spraragen
Robert F. Seely

Dated:  New York, New York
        October 15, 2021